**BUCHANAN INGERSOLL & ROONEY PC**
Andrew Hope, Esq. (NY Bar Id. 4913547).
Makenzie P. Leh, Esq. (*Pro Hac* Admission Forthcoming)
640 5th Avenue, 9th Floor
New York, New York 10019-6102
215 665 5322 (o)
andrew.hope@bipc.com
makenzie.leh@bipc.com
*Counsel for Trans Union, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

MARGARITA VELASCO MORALES                    CASE NO.

        Plaintiff,

    vs.

TRANS UNION (OF DELAWARE), LLC,

        Defendant.

_____

**TRANS UNION, LLC'S NOTICE OF REMOVAL**

_____

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Trans Union, LLC ("TransUnion") hereby removes the subject action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York on the following grounds:

1.    Plaintiff Margarita Velasco Morales ("Morales") is a natural person who resides in the State of New York.

2.    Defendant TransUnion is a Delaware corporation with its principal place of business in Illinois.

## NATURE OF CASE

3.      On February 11, 2025, Morales commenced this action in the Supreme Court of the State of New York, County of Queens, entitled *Margarita Velasco Morales v. Trans Union (of Delaware), LLC dba TransUnion.,* Index Number 704073/2025 via a Summons with Complaint (the "Complaint"). A true and correct copy of the Summons with Complaint is attached hereto as **Exhibit A**.

4.      On February 14, 2025, Morales served TransUnion with the Complaint. *See* id.  No other process, pleadings, or orders have been served on TransUnion.

5.      Morales makes claims under and alleges that TransUnion violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). *See* Ex. A.

6.      This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § 1331 since there is a federal question.  As alleged, this suit falls within the FCRA which thus supplies this federal question.

7.      Pursuant to 28 U.S.C. § 1441, et seq., this cause may be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

8.      Removal is timely under 28 U.S.C. § 1446 because this Notice of Removal is filed within 30 days after TransUnion's receipt of a copy of the Complaint, filed in the Supreme Court of the State of New York, County of Queens.

9.      Attached hereto as **Exhibit B** is a copy of TransUnion's Notice of Filing Notice of Removal to be filed in the Supreme Court of the State of New York, County of Queens, Index Number 704073/2025.

10.    TransUnion is the only Defendant in this matter and therefore, consent is not needed.

11.    Notice of this Removal will promptly be filed with the Supreme Court of the State of New York, County of Queens and served upon all parties.

**WHEREFORE**, Defendant TransUnion, by counsel, removes the subject action from the Supreme Court of the State of New York, County of Queens to this United States District Court, Eastern District of New York.

Date: March 14, 2025                **BUCHANAN INGERSOLL & ROONEY PC**


/s/ *Andrew G. Hope*_____
Andrew G. Hope (NY Bar ID No. 4913547)
640 5th Avenue, 9th Floor
New York, New York 10019-6102
215 665 5322 (o)
andrew.hope@bipc.com

*Counsel for Trans Union, LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of March, 2025, I caused a copy of the foregoing

Notice of Removal to be electronically filed with the Clerk via CM/ECF.  Notice of this filing

will be sent by email to all parties by operation of the court's electronic filing systems.  Parties

may access the filing through the Court's CM/ECF System. Notice of this filing will also be sent

to all parties via first-class mail.

Dated: March 14, 2025                          */s/ Andrew G. Hope*____
                                                                 Andrew G. Hope

# EXHIBIT A

Case 1:25-cv-01448-ENV-TAM    Document 1    Filed 03/14/25    Page 6 of 25 PageID #: 6

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
------------------------------------------------------------------x
MARGARITA VELASCO MORALES,

                    Plaintiff/Petitioner,

        - against -                                Index No.
TRANS UNION (OF DELAWARE), LLC,

                                        $c/o \ CSe$
                    Defendant/Respondent.
------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
    New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your
  documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a
  scanner or other device to convert documents into electronic format, a connection
  to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

          - serving and filing your documents electronically

          - free access to view and print your e-filed documents

          - limiting your number of trips to the courthouse

          - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys
(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: February 11, 2025

Brian L. Ponder, Esq.
Name
BRIAN PONDER LLP

Firm Name

745 Fifth Avenue, Suite 500
Address

New York, New York 10151-0099

(646) 450-9461
Phone

brian@brianponder.com (not for servic
E-Mail

To: TRANS UNION (OF DELAWARI

INDEX NO. 704073/20

RECEIVED NYSCEF: 02/11/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| MARGARITA VELASCO MORALES,<br><br>         Plaintiff,<br><br>    v.<br><br>TRANS UNION (OF DELAWARE), LLC<br>dba TRANSUNION;<br><br>         Defendants. | Index No.<br><br>**SUMMONS** |

To: [Defendant] **TRANS UNION (OF DELAWARE), LLC dba TRANSUNION**
   c/o CORPORATION SERVICE COMPANY [Registered Agent]
   80 State Street
   Albany, NY 12207-2543

You are hereby summoned to answer the complaint in this action and to serve a copy of

your answer, or, if the complaint is not served with this summons, to serve a notice of appearance,

on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of

the day of service (or within thirty (30) days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is NY CPLR § 503(a) based on Defendant TRANS UNION (OF

DELAWARE), LLC dba TRANSUNION's residence in Queens County, New York.

Dated: New York, New York
   February 11, 2025

              Brian L. Ponder, Esq.
              BRIAN PONDER LLP
              TRIAL LAWYERS
              745 Fifth Avenue, Suite 500
              New York, New York 10151-0099
              Telephone: (646) 450-9461 (not for service)
              Email: brian@brianponder.com (not for service)
              ATTORNEY FOR PLAINTIFF

1

FILED: QUEENS COUNTY CLERK 02/11/2025 04:53 PM    INDEX NO. 704073/20

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 02/11/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| MARGARITA VELASCO MORALES,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION (OF DELAWARE), LLC dba TRANSUNION;<br><br>Defendants. | Index No.<br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

Plaintiff MARGARITA VELASCO MORALES ("Plaintiff" or "Ms. Morales"), by and through his undersigned counsel, as and for her Verified Complaint against Defendant TRANS UNION (OF DELAWARE), LLC dba TRANSUNION ("Defendant" or "TransUnion") alleges:

### I. PRELIMINARY STATEMENT

1. This action arises from TransUnion's failure to comply with its obligations under 15 U.S.C. § 1681i of the Fair Credit Reporting Act ("FCRA"), which requires consumer reporting agencies ("CRAs") to conduct a reasonable reinvestigation when a consumer disputes inaccurate or incomplete information contained in their consumer file or consumer report.

2. In a letter dated/mailed January 1, 2025, Plaintiff disputed the accuracy and completeness of information maintained and reported by TransUnion regarding multiple tradelines that appeared on her consumer file and consumer (credit) report, specifically citing missing payment history fields, including Scheduled Payment Amount and Actual Amount Paid.

3. Within 30 days of receiving Plaintiff's dispute, TransUnion failed to conduct a reasonable reinvestigation, failed to properly notify the furnishers of the disputed information, and engaged in unjustified stalling tactics that violated its obligations under the FCRA.

4. As a result of TransUnion's misconduct, Plaintiff has suffered actual damages, including denial of credit, harm to creditworthiness, emotional distress, and out-of-pocket costs.

2

## II. PARTIES

### A. Plaintiff MARGARITA VELASCO MORALES ("Plaintiff" or "Mr. Morales")

5. Plaintiff is an individual.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

### B. Defendant TRANS UNION (OF DELAWARE), LLC dba TRANSUNION

### ("Defendant" or "TransUnion")

7. TransUnion is a foreign limited liability company registered with the New York Department of State Division of Corporations.

8. TransUnion's "ENTITY NAME" as registered with the New York Department of State Division of Corporations is "TRANS UNION (OF DELAWARE), LLC[.]"

9. TransUnion's "ENTITY TYPE" as registered with the New York Department of State Division of Corporations is "FOREIGN LIMITED LIABILITY COMPANY[.]"

10. TransUnion's "SECTION OF LAW" as registered with the New York Department of State Division of Corporations is "802 LLC – LIMITED LIABILITY LAW[.]"

11. TransUnion's "DATE OF INITIAL DOS FILING" with the New York Department of State Division of Corporations is "01/06/1999[.]"

12. TransUnion's "EFFECTIVE DATE INITIAL FILING" with the New York Department of State Division of Corporations is "01/06/1999[.]"

13. TransUnion's "FOREIGN FORMATION DATE" as listed with the New York Department of State Division of Corporations is "12/03/1998[.]"

14. TransUnion's "COUNTY" listed with its New York Department of State Division of Corporations registration is "QUEENS[.]"

3

15. TransUnion's "JURISDICTION" as listed with the New York Department of State Division of Corporations is "DELAWARE[.]"

16. TransUnion's "DOS ID" as registered with the New York Department of State Division of Corporations is "2331915[.]"

17. TransUnion's "FICTITIOUS NAME" as registered with the New York Department of State Division of Corporations is "TRANS UNION (OF DELAWARE), LLC[.]"

18. TransUnion's "ENTITY STATUS" as listed with the New York Department of State Division of Corporations is "ACTIVE[.]"

19. TransUnion's "STATEMENT STATUS" as listed with the New York Department of State Division of Corporations is "CURRENT[.]"

20. TransUnion's "NEXT STATEMENT DUE DATE" as listed with the New York Department of State Division of Corporations is "01/31/2027[.]"

21. TransUnion is engaged in the business of consumer credit reporting.

22. TransUnion maintains its principal office at 555 W. Adams St., Chicago, Illinois 60661.

23. TransUnion lists Queens County in its registration with the New York Department of State.

24. TransUnion conducts substantial business within the State of New York, County of Queens, and is therefore subject to the jurisdiction of this Court.

### III. JURISDICTION & VENUE

9. Jurisdiction is proper under NY CPLR § 301 and § 302 because TransUnion transacts business within the State of New York and maintains substantial contacts with consumers residing in the State of New York.

10. Venue is proper in the County of Queens pursuant to NY CPLR § 503 because TransUnion regularly and systematically conducts business in Queens County, New York.

4

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Dispute of Inaccurate and Incomplete Information

11. On or about January 2, 2025, Plaintiff sent a written dispute letter to TransUnion at its designated address, requesting a reinvestigation into the accuracy and completeness of multiple accounts appearing on his consumer report and consumer file, including, to wit:

    • SYNCB/CARECR (*6922);

    • CB/VICSCRT (*1769); and

    • EQUITABLEACC (*1773).

12. Plaintiff specifically pointed out the missing tradeline fields related to incomplete payment history, including the Scheduled Payment Amount and Actual Amount Paid, which were crucial to ensuring full compliance with Metro 2 consumer credit reporting standards.

13. Plaintiff requested that TransUnion ensure that all aspects of the disputed accounts were reported with 100% accuracy in TransUnion's file and consumer reports.

14. A true and correct redacted copy of Plaintiff's dispute letter dated January 2, 2025, and mailed to Experian via U.S.P.S. mail on or about January 2, 2025, is attached hereto and incorporated herein as **Exhibit A**. [Plaintiff's confidential personal information redacted.]

15. Notably, Plaintiff's dispute letter also included Plaintiff's mailing address, full legal name, full social security number, and full date of birth, in addition to the above-listed dispute.

16. Thus, Plaintiff's dispute letter provided sufficient information to investigate his dispute.

### B. TransUnion's Inadequate Response and Stalling

14. Rather than conducting a reasonable reinvestigation as required under Section 1681i of the FCRA, TransUnion responded with a form-letter stall tactic (hereinafter referred to as the "Stall Letter") dated January 8, 2025, that failed to address Plaintiff's specific concerns. A

5

true and correct redacted copy of the Stall Letter sent to Plaintiff dated January 8, 2025, is attached hereto and incorporated herein as **Exhibit B**. [Note: Plaintiff's confidential personal information redacted.]

15. In its response, TransUnion failed to confirm whether it had contacted the furnishers or reviewed the missing payment information for compliance with Metro 2 standards.

16. Instead of substantively responding to Plaintiff's dispute, TransUnion delayed and obfuscated its statutory duty, causing unnecessary frustration, harm, and economic injury to Plaintiff.

## V. CAUSES OF ACTION

### COUNT ONE – VIOLATION OF § 1681i THE FAIR CREDIT REPORTING ACT

17. Plaintiff realleges and incorporates by reference paragraphs 1-16 as if fully set forth herein.

18. TransUnion's failure to conduct a reasonable reinvestigation and its unlawful stalling tactics constitute violations of 15 U.S.C. § 1681i.

19. TransUnion's actions were willful and/or negligent under 15 U.S.C. § 1681n (willful violations) and 15 U.S.C. § 1681o (negligent violations).

20. Plaintiff has suffered, and continues to suffer, actual damages, including, but not limited to, economic harm, credit denials, emotional distress, and loss of time and resources.

21. Plaintiff is entitled to statutory damages, actual damages, punitive damages, attorney's fees, and costs under 15 U.S.C. §§ 1681n and 1681o.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARGARITA VELASCO MORALES respectfully requests that this Court enter judgment against Defendant TRANS UNION (OF DELAWARE), LLC for the following relief:

6

a. An order compelling TransUnion to comply with 15 U.S.C. § 1681i(a)(5)(A) and delete the disputed tradelines that it failed to verify within the 30 days permitted under the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Statutory damages of up to $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A);

d. Punitive damages under 15 U.S.C. § 1681n(a)(2);

e. Attorney's fees and costs under 15 U.S.C. §§ 1681n & 1681o; and

f. Any other relief this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: New York, New York
February 11, 2025

Brian L. Ponder, Esq.
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFF

7

FILED: QUEENS COUNTY CLERK 02/11/2025 04:53 PM    INDEX NO. 704073/20

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/11/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| MARGARITA VELASCO MORALES,<br><br>                                     Plaintiff,<br><br>                    v.<br><br>TRANS UNION (OF DELAWARE), LLC<br>dba TRANSUNION;<br><br>                                     Defendants. | <br><br><br>Index No.<br><br>**ATTORNEY VERIFICATION<br>PURSUANT TO NY CPLR § 3020** |

     I, Brian L. Ponder, Esq., am an attorney admitted to practice in the courts of the State of

New York and the attorney of record for Plaintiff MARGARITA VELASCO MORALES in the

within action. I have read the foregoing VERIFIED COMPLAINT AND JURY DEMAND and

know the contents thereof. The same are true to my knowledge, except as to matters therein stated

to be alleged on information and belief, and as to those matters, I believe them to be true. The

reason this verification is made by me and not by Plaintiff is that Plaintiff resides outside the

County of New York, New York, wherein my office is located.


Dated: February 11, 2025                    Brian L. Ponder, Esq.

FILED: QUEENS COUNTY CLERK 02/11/2025 04:53 PM    INDEX NO. 704073/20

NYSCEF DOC. NO. 2                                           RECEIVED NYSCEF: 02/11/20

# Exhibit A

**Margarita  Velasco Morales**



TransUnion
**P.O. Box 2000**
**Chester PA 19016-2000**

**01/02/2025**

To: TransUnion ATTN: Supervisor, Legal Department.

**RE:** Credit Report Investigation Request

My full legal name is **Margarita  Velasco Morales**. My social is ██████. My date of birth is ██████.

I am seeking further information, regarding the accounts listed below, which appear on my credit report.

Please send all correspondence to me, at the address listed above. Thank you in advance for your cooperation.

I'm writing to you about the following accounts. I am requesting a thorough reinvestigation of the following accounts. Please make sure that all aspects of the accounts are reported 100% accurately. I also see that the payment history on these accounts is incomplete, with fields including the Scheduled Payment Amount & Actual Amount Paid missing in many instances.

SYNCB/CARECR - ██████6922,
CB/VICSCRT - ██████1769,
EQUITABLEACC - ██1773

My understanding is that full compliance with Metro 2, is the industry standard for proper credit reporting. For this reason, please make sure that these reports are in full compliance with Metro 2.

To respond to this letter, you may contact us by mail

██████

Case 1:25-cv-01449-ENV-TAM    Document 1    Filed 03/14/25    Page 18 of 25 PageID #: 18



Sincerely,

**Margarita  Velasco Morales**

Case 1:25-cv-01448-ENV-TAM    Document 1    Filed 03/14/25    Page 19 of 25 PageID #: 19

INDEX NO. 704073/2025
RECEIVED NYSCEF: 02/11/2025





**SDGE™**

San Diego Gas & Electric Company
P.O. Box 129831
San Diego, CA 92112-9831

Margarita Velasco Morales

FILED: QUEENS COUNTY CLERK 02/11/2025 04:53 PM    INDEX NO. 704073/202

NYSCEF DOC. NO. 3    RECEIVED NYSCEF: 02/11/202

# Exhibit B

FILED: QUEENS COUNTY CLERK 02/11/2025 04:53 PM    INDEX NO. 704073/20

NYSCEF DOC. NO. 3    RECEIVED NYSCEF: 02/11/20

**TransUnion**

File Number: 456574809
Page: 1 of 1
Date Issued: 1/8/2025

***456574809-002***
TransUnion LLC
PO Box 205
Woodlyn, PA 19094-0805

PL7M8E00105679 1011357 229105346

MARGARITA VELASCO MORALES

We applaud your recent efforts to take charge of your credit. We want you to know we're on your side, and we're here to help support you on your path toward credit health.

We recently received a request that included your information, but it didn't appear that you or a properly authorized third party sent it to us. We take the privacy and security of your data very seriously, so we won't process requests unless they come directly from you or an authorized third party. If you're working with a third party such as a credit repair company or "credit clinic", they have to identify themselves in their communications to us, and provide proof that you've authorized them to communicate with us on your behalf.

It's important to know that if you see something on your TransUnion credit report that you believe is inaccurate, you can dispute it easily and securely on your own for free, without paying a fee to any company. If you've hired a credit repair company and they insist on payment up front, encourage you to misrepresent your credit information or instruct you not to contact a credit reporting agency directly, they are not acting lawfully. Learn more about credit repair and your rights at transunion.com/repairletter.

If you feel you received this letter in error, please contact us to confirm your identity and the information you wish to dispute. You may do this by visiting transunion.com/credit-disputes and selecting "Start Dispute" or you may contact us by phone at 800-916-8800 Monday - Friday 8:00AM - 11:00PM Eastern and on Saturday & Sunday 8:00AM - 5:00PM Eastern, excluding holidays.

You can count on us as a resource as you work to achieve your credit health goals - we want you to be able to get the financial opportunities you deserve.

Sincerely,

Your TransUnion Support Team

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| MARGARITA VELASCO MORALES,<br><br>      Plaintiff,<br><br>   vs.<br><br>TRANS UNION, LLC (OF DELAWARE),<br>LLC dba TRANSUNION<br><br>      Defendants. | Index No. 704073/20 |

---

**NOTICE OF FILING NOTICE OF REMOVAL
WITH THE UNITED STATES DISTRICT COURT**

---

Please take notice that Defendant Trans Union, LLC has filed the attached Notice of Removal with the Clerk of the United States District Court for the Eastern District of New York on March 14, 2025. A true and correct copy of the Notice of Removal filed with the United States District Court Eastern District of New York is attached hereto as **Exhibit A**.

Date: March 14, 2025

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ *Andrew G. Hope*_____
Andrew G. Hope (NY Bar ID No. 4913547)
640 5th Avenue, 9th Floor
New York, New York 10019-6102
215 665 5322 (o)
andrew.hope@bipc.com

*Counsel for Trans Union, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March 2025, I caused a copy of the foregoing Notice of Filing Notice of Removal to be electronically filed with the Clerk via CM/ECF.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing systems. Parties may access the filing through the Court's CM/ECF System.

Dated: March 14, 2025                    */s/ Andrew G. Hope*____
                                               Andrew G. Hope